

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-6040-CR-ZLOCH/SELTZER

UNITED STATES OF AMERICA

        Plaintiff,

v.

DERRICK ANDERSON,
RICHARD JAMES and
DAIREL WORRELL,

        Defendants.
_____/

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the United States respectfully requests that the following jury instructions be given at trial in the above styled action. It is further requested that the parties be informed prior



to closing arguments which instructions the court will accept and which it will reject.

                            Respectfully submitted,

                            THOMAS E. SCOTT
                            UNITED STATES ATTORNEY

By: _____
    TERRENCE J. THOMPSON
    Assistant United States Attorney
    Court No. A5500063
    500 E. Broward Blvd., Suite 700
    Fort Lauderdale, Florida  33301
    (954) 356-7306
    (954) 356-7228 (facsimile)
    Terrence.Thompson@justice.usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was served this <u>5th</u> day of April, 2000, via Federal Express mail, upon Ted Crespi, Esq., 1776 N. Pine Island Road, Suite 218, Plantation, FL. 33322-5233; Alvin Entin, Esq., 200 E. Broward Blvd., Suite 1210, Fort Lauderdale, 33301-1908; and Kenneth Hassett, 201 Sevilla Avenue, Suite 202, Coral Gables, FL 33134-6616.

_____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY

*TJT hkp*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

Case No. <u>00-6040-CR-ZLOCH</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **DERRICK ANDERSON, ET AL,** | ) |
| **RICHARDO JAMES, and** | ) |
| **DAIREL WORRELL,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS NO. 1

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

Criminal Cases
Eleventh Circuit                                                                                             Granted ___
Basic Instruction No. 1                                                                                  Denied ___

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

## Duty to Follow Instructions
## Presumption of Innocence

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Criminal Cases
Eleventh Circuit                                                                            Granted ___
Basic Instruction No. 2.1                         - 2 -                                     Denied ___

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

Duty to Follow Instructions
Presumption of Innocence and Burden of Proof
(When any Defendant Does Not Testify)

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

Criminal Cases
Eleventh Circuit                                                                               Granted ___
Basic Instruction No. 2.2                       - 3 -                                          Denied ___

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

### Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

Criminal Cases
Eleventh Circuit                                                                 Granted ___
Basic Instruction No. 3                          - 4 -                           Denied ___

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

### Consideration of the Evidence, Direct
### and Circumstantial - - Argument of Counsel
### Comments by the Court

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Criminal Cases
Eleventh Circuit                                                                           Granted ___
Basic Instruction No. 4.2                          - 5 -                                  Denied ___

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

### Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

## Impeachment
## Inconsistent Statement
## (Defendant Testifies With No Felony Conviction)

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

Criminal Cases
Eleventh Circuit                                                                                          Granted ___
Basic Instruction 6.3                               - 7 -                                                 Denied ___

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

**Impeachment
Inconsistent Statement
(Defendant Testifies With Felony Conviction)**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony. [Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crime(s) for which the Defendant is on trial.]

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

## Controlled Substances
## (Possession With Intent To Distribute)
## 21 USC § 841(a)(1)

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.

Cocaine is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly and willfully possessed cocaine as charged, and

Second: That the Defendant possessed the substance with the intent to distribute it

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Criminal Cases
Eleventh Circuit                                                                                    Granted ___
Offense Instruction No. 73 (as modified)         - 9 -                                              Denied ___

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

Controlled Substances
(Conspiracy)
21 USC § 846

Title 21, United States Code, Sections 846 makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Sections 841(a)(1). Section 841(a)(1) makes it a crime for anyone to knowingly possess cocaine with intent to distribute it.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme, or that those who were members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

First:   That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; and

Second:  That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a

- 10 -

Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

Criminal Cases
Eleventh Circuit                                                                                      Granted ___
Offense Instruction No. 75                              - 11 -                                        Denied ___

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

## Accomplice - - Co-Defendant - - Plea Agreement

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12

## On or About - - Knowingly - - Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

Criminal Cases
Eleventh Circuit                                                                       Granted ___
Basic Instruction No. 9.1                       - 13 -                                  Denied ___

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

### Caution - - Punishment
### (Multiple Defendants - - Single Count)

The case of each Defendant and the evidence pertaining to each Defendant should be considered separately and individually. The fact that you may find any one of the Defendants guilty or not guilty should not affect your verdict as to any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether each Defendant is guilty or not guilty. Each Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If a Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Criminal Cases
Eleventh Circuit                                                                Granted ___
Basic Instruction No. 10.3                - 14 -                                Denied ___

# GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14

## Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Criminal Cases
Eleventh Circuit                                                                                        Granted ___
Basic Instruction No. 11                            - 15 -                                              Denied ___

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

### Verdict

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain Verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Criminal Cases
Eleventh Circuit                                                                  Granted ___
Basic Instruction No. 12                      - 16 -                              Denied ___